**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY S. BAGBY,

      Petitioner - Appellant,

v.

JAMES SAFFLE, Director of the
Oklahoma Department of Corrections,

      Respondent - Appellee.

No. 02-5078
(D.C. No. 00-CV-170-B)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to decide this case on the briefs without oral argument. *See* Fed. R.
App. P. 34(a)(2)(C) and 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jeffrey Bagby, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the federal district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Because Mr. Bagby has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

In an Oklahoma state court, Mr. Bagby was charged with four counts: (1) trafficking in illegal drugs; (2) receiving proceeds from illegal drug activity; (3) failing to obtain a drug stamp; and (4) using a telecommunications device in a drug transaction, all after former conviction of a felony. After a jury trial, he was convicted of counts one and four. He was sentenced to 32 years' imprisonment.

Mr. Bagby, represented by counsel on direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), raised the following eight claims: (1) deprivation of the right to a fair trial because the jury foreman told the trial judge that the foreman was related to the deputy sheriff; (2) double jeopardy violation resulting from the similarity of counts one and four (drug trafficking and use of telecommunications device in a drug transaction); (3) improper admission of an audio tape after admission of videotape of the same incident; (4) prosecutorial misconduct during closing argument resulting in the denial of a fair and impartial trial; (5) a violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), through the exclusion of a black juror on voir dire; (6) deprivation of the right to a fair trial

through the modification of uniform jury instructions; (7) deprivation of the right to a fair trial through the admission of evidence of prior drug sales; and (8) error by the trial court in prohibiting defense counsel from fully cross-examining a government witness. The OCCA affirmed.

Proceeding pro se, Mr. Bagby then filed for, and was denied, post-conviction relief by the Oklahoma trial court, where he alleged: (1) violations of the Fifth, Sixth, and Fourteenth Amendments because the government informant's testimony was secured after the informant was promised something of value in exchange for her testimony; and (2) ineffective assistance of trial and appellate counsel for failing to raise the first claim, that informant's testimony was received in exchange for something of value. The state trial court denied Mr. Bagby's request for relief. The OCCA remanded on the first claim, finding that the issue was properly preserved. The trial court again denied relief and the OCCA affirmed.

Mr. Bagby then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting: (1) violations of the Fifth, Sixth, and Fourteenth Amendments because the government informant's testimony was secured by promises for something of value in exchange for her testimony; (2) ineffective assistance of counsel for failing to raise the above informant claim; (3) deprivation of the right to a fair trial because the jury foreman told the trial judge

-3-

that the foreman was related to the deputy sheriff; (4) double jeopardy violation resulting from similarity of counts one and four; (5) undue prejudice from admission of the audio tape; (6) prosecutorial misconduct during closing argument, resulting in the denial of a fair and impartial trial; (7) a *Batson* violation; (8) deprivation of the right to a fair trial through the modification of the uniform jury instructions; (9) deprivation of the right to a fair trial by admission of evidence of prior drug sales; and (10) violation of his right to cross-examination. The district court, in a well-reasoned order, considered each of Mr. Bagby's claims, and denied each on the merits.

On appeal, Mr. Bagby raises six contentions: (1) violations of the Fifth, Sixth, and Fourteenth Amendments because the government informant's testimony was secured by promises for something of value in exchange for testimony; (2) deprivation of the right to a fair trial because the jury foreman told the trial judge that the foreman was related to the deputy sheriff; (3) double jeopardy violation from the similarity of counts one and four; (4) deprivation of the right to a fair trial through the modification of the uniform jury instructions; (5) deprivation of the right to a fair trial through the improper admission of evidence of prior drug sales; and (6) violation of his right to full and fair cross-examination.

To obtain a COA so that he can appeal the district court's denial of his § 2254 habeas petition, Mr. Bagby must make a "substantial showing of the denial

-4-

of a constitutional right" before he is entitled to a COA. 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Upon thorough consideration of Mr. Bagby's brief and contentions on appeal and upon de novo review of the district court's detailed order and the entire record on appeal, we conclude that Mr. Bagby has demonstrated no reason for us to conclude that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. In fact, we are persuaded that the reasoning of the district court is sound and we agree that the OCCA's conclusions were not contrary to, and did not involve an unreasonable application of, clearly established federal law. Accordingly, we DENY the application for a COA and DISMISS the appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge

-5-